**[61ord03b]** [Order Authorizing Individual DIP to Manage]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

In re:                                                        Case No. 6:13–bk–10389–KSJ
                                                              Chapter 11

Peter P. Veugeler
11324 Bridge House Road
Windermere, FL 34786

_____    Debtor(s)       /

ORDER AUTHORIZING INDIVIDUAL
DEBTOR TO MANAGE FINANCIAL AFFAIRS

   The Debtor–in–Possession has applied to the Court for authority to manage his financial affairs pursuant to 11 U.S.C §1108.

   Accordingly, it is ORDERED as follows:

   1. The Debtor, subject to the control of the Court, shall continue in possession and control of his or her property and, as debtor–in–possession, is authorized to manage his or her financial affairs and property, and shall have the powers of a trustee as provided by 11 U.S.C §1107.

   2. If the Debtor has not already done so, the Debtor shall immediately file a motion for approval of the employment of the Debtor's counsel in accordance with 11 U.S.C §327 and 11 U.S.C §329 and Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). The Debtor shall also seek the approval of employment of all other professionals before employing them or engaging their services. The Debtor shall make no payment whatsoever to any professional without first obtaining Court approval. Any payment to any professional made by anyone other than the Debtor shall be disclosed at the time or immediately after the payment.

   3. Subject to the provisions of 11 U.S.C §363 and 11 U.S.C §365 and the notice requirements of Fed. R. Bankr. P. 2002, the Debtor may use, sell or lease property of the estate. The Debtor shall maintain insurance on such property as is customary and appropriate.

   4. The Debtor is authorized to pay all necessary and current expenses, including taxes incurred as a result of financial operations or imposed on his or her property, to the extent that such payments are necessary to preserve assets of the estate. Such payments, however, may only be made for post–petition obligations.

   5. The Debtor, consistent with 11 U.S.C §345, is authorized to open and maintain bank accounts for the deposit, investment, and disbursement of monies of the estate.

   6. The Debtor is directed to segregate all monies withheld from employees or collected for taxes, to deposit these monies in a separate bank account, and to pay them over to the proper authorities when due.

   7. The Debtor shall close his or her present books of account and shall open and maintain new books of accounts as of the date of the petition, showing all earnings, expenses, receipts and disbursements of the Debtor subsequent to such date, and shall preserve proper voucher for all payments.

8. The Debtor may institute, defend, intervene and, subject to the notice provisions of Fed. R. Bankr. P. 2002 and Fed. R. Bankr. P. 9019, compromise any action or legal proceeding on behalf of or against the estate.

9. The Debtor shall file a Chapter 11 Case Management Summary, as directed in Administrative Order ORL–2005–1, within the earlier of three business days following the petition date or prior to the date of the first scheduled hearing.

10. The Debtor shall file with the Court by the twenty–first day of the month succeeding the reporting period the monthly Debtor–in–Possession Report in the format required by the United States Trustee, and, if the Debtor has filed this case as a small business case, any additional reports required by 11 U.S.C. §308(b).

11. The Debtor shall cooperate with the United States Trustee by furnishing such information as the United States Trustee may reasonably require in supervising the administration of the estate and attend with counsel any initial debtor interview requested by the United States Trustee.

12. During this case, the Debtor is required to file all federal and state tax returns (including any delinquent returns) and remain current on all federal and state taxes coming due after the commencement of the case. Accordingly, the Court orders as follows:

A. No later than 30 days from the date of this order, the Debtor shall file with the appropriate agency any delinquent federal or state tax return for any tax period.

B. Within three business days following the end of all pay periods, the Debtor shall make all tax deposits as required by the Internal Revenue Service and the State of Florida.

C. The Debtor shall timely file all federal and state tax returns required to be filed after the commencement of this case and shall timely pay all personal federal and state taxes that are due and payable after the commencement of this case.

D. The Debtor shall maintain copies of all tax returns, reports, and proof of all payments and make these available upon request for inspection by any representative of the appropriate taxing agency, the United States Trustee, or any trustee appointed in the case.

13. To provide for the swift and efficient management of this Chapter 11 case, the Court orders as follows:

A. The Debtor (including Debtors involved in a small business case as defined by 11 U.S.C. §101(51 C & D), shall file a disclosure statement and plan of reorganization no later than 150 days from the date of the order for relief under Chapter 11.

B. Any motion for an extension of time to file a disclosure statement and plan shall be filed before 120 days from the date of the order for relief under Chapter 11 and shall state good cause for such relief.

14. If the debtor is entitled to receive a discharge in this case pursuant to 11 U.S.C. §1141, no later than 49 days prior to the date the discharge first can issue, the debtor shall file a certification that Section 522(q)(1) is not applicable and no proceeding is pending in which the debtor could be found guilty of an offense listed in 522(q)(1) or liable for a debt of the kind described in 522(q)(1)(B).

DONE AND ORDERED on August 22, 2013 .

_____
Karen S. Jennemann
Chief United States Bankruptcy Judge